# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| QPRIVACY USA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 2:24-CV-00855-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF QPRIVACY'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT ................................................................................................................... 3

   A.   QPrivacy Has Met Its Pleading Burdens Regarding Direct Infringement. ......................... 3

      1.   The Law Does Not Require QPrivacy to Plead Every Claim Element .......................... 5

      2.   Cisco's Arguments Regarding Invalidity Have No Bearing ........................................... 6

   B.   QPrivacy Has Met Its Pleading Burdens Regarding Indirect Infringement. ..................... 7

      1.   QPrivacy's Complaint Currently Has No Claims for Pre-Suit Indirect Infringement.... 7

      2.   QPrivacy Meet's The Court's Standards for Pleading Induced Infringement. ............... 7

      3.   QPrivacy Meet's The Court's Standards for Pleading Contributory Infringement. ..... 10

   C.   QPrivacy Pleads Willful Infringement Under theApplicable Standard. ........................... 11

   D.   Should the Court Hold Any of Defendant's Cited Grounds as Carrying Weight in Favor of Dismissal of a Count, Plaintiff Requests Leave to Amend. .................................................. 13

IV. CONCLUSION .............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*Advanced Coding Techs. LLC v. Google LLC*, 2024 U.S. Dist. LEXIS 225916 (E.D. Tex. Dec. 12, 2024) .................................................................................................................................. 10

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2022 U.S. Dist. LEXIS 38211 (E.D. Tex. Jan. 24, 2022) ........................................................................................................................... 11

*Barry v. Medtronic, Inc.*, 914 F.3d 1310 (Fed. Cir. 2019) ............................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 2, 7, 13

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ............................................. 5, 6

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) ........................................................ 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 107354 (E.D. Tex. July 15, 2015) ................................................................................................................................... 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020) ......... 12

*Fractus v. Tcl Corp.*, No. 2:20-CV-00097-JRG, 2021 U.S. Dist. LEXIS 114011 (E.D. Tex. June 2, 2021, J. Gilstrap) ................................................................................................................. 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016) .......................................................... 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012)) .................................................................................................................................. 8, 10

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) ......................... 3, 5, 8, 10

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) ..................... 3

*Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) ................................................. 2, 3, 5

*Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2024 U.S. Dist. LEXIS 219288 (E.D. Tex. Dec. 3, 2024, J. Gilstrap) ............................................................................ 6

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018). ................................................. 6

*NXP USA, Inc. v. Mediatek USA Inc.*, 2022 U.S. Dist. LEXIS 45815 (E.D. Tex. Mar. 15, 2022) ................................................................................................................................................. 11

*Resonant Sys. v. Sony Grp. Corp.*, 2023 U.S. Dist. LEXIS 156648 (E.D. Tex. Sep. 5, 2023) ....... 8

*RightQuestion, LLC v. Samsung Elecs. Co.*, 2022 U.S. Dist. LEXIS 29932 (E.D. Tex. Feb. 18, 2022) .......................................................................................................................................... 9

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016) ................... 2

*SRI Int'l, Inc. v. Cisco Sys.*, 930 F.3d 1295 (Fed. Cir. 2019) ....................................................... 12

*Thompson v. City of Waco*, 764 F.3d 500 (5th Cir. 2014 ............................................................. 2

*Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 U.S. Dist. LEXIS 45186 (E.D. Tex. Mar. 14, 2024) .................................................................................. 11

*Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) .......................................... 6

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, 2022 U.S. Dist. LEXIS 149868 (W.D. Tex. Aug. 22, 2022) ............................................................................................................................... 12

*Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d 1348 (Fed. Cir. 2008) ............................. 6

**Statutes**

35 U.S.C. § 271(b) ......................................................................................................................... 7

Fed. R. Civ. P. 12 ........................................................................................................................... 2

Fed. R. Civ. P. 8 ......................................................................................................................... 2, 3

I.      INTRODUCTION

QPrivacy has met its pleading burden. Cisco's Motion demands a level of detail that far exceeds what is required at the pleading stage. To overcome a motion to dismiss, QPrivacy is only required to show that its Complaint creates a plausible inference that the Accused Products infringe the Asserted Patents. The Complaint easily meets this standard regarding QPrivacy's allegations of direct, induced, contributory, and willful infringement. Thus, Cisco's Motion should be denied.

QPrivacy's Complaint establishes a clear case for why Defendant Cisco's products that utilize Encrypted Traffic Analysis ("ETA") infringe the Asserted Patents. QPrivacy's Complaint places Cisco on notice of the claims asserted against it, including by explicitly naming a list of Accused Products sold by Cisco and by describing how the functionality within those products performs the features of the Asserted Patents and their Asserted Claims—supported by materials taken from technical documents, whitepapers, and information provided from Cisco to its customers.

Cisco's Motion attempts to impose a higher pleading burden on the Complaint than QPrivacy is required to meet, essentially demanding detailed infringement allegations at the pleading stage, which, if required, would subvert the purpose of having rules setting out the timing for disclosing such contentions.[1] Cisco is on notice of QPrivacy's claims, and the Complaint states claims that are plausible on their face. As the Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the

---

[1] As it turns out, since the filing of Cisco's motion, QPrivacy has provided detailed, element-by-element infringement contentions in line with local Patent Rule P.R. 3-1, at the time ordered by this Court.

defendant is liable for the alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

As explained in more detail below, this Court should deny Cisco's Motion. QPrivacy's Complaint meets the pleading standards for every allegation made therein, including QPrivacy's allegations of direct, induced, contributory, and willful infringement.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank*

*PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Iqbal*, 556 U.S. at 678. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57.

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

### III.    ARGUMENT

#### A.  QPrivacy Has Met Its Pleading Burdens Regarding Direct Infringement.

QPrivacy's Complaint has provided sufficient factual allegations to meet the appropriate standards under Rule 8, *Iqbal*/*Twombly*, and other prior caselaw from this Court. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint describes how Cisco's Accused Products infringe QPrivacy's two asserted patents through the implementation of Cisco's Encrypted Traffic Analytics (ETA) technology. Complaint, ¶ 34. "ETA analyzes encrypted data traffic to and from Cisco devices without decrypting the underlying data." *Id.* "The Accused Products monitor and store telemetry data in order to analyze and compare network traffic and then determine a response based on that comparison." *Id.*, ¶ 35. "The Accused Products perform the encrypted traffic analysis and determination of response in real time." *Id.*, ¶ 36. "The Accused Products contain memory and processors in order to perform the collection, analysis, and response determination." *Id.*, ¶ 37.

The Complaint also cites Cisco's technical documents regarding the Accused Products (*e.g.*, white papers, data sheets, and summary documents) and includes excerpts from those documents that specifically relate to claim limitations. For example, claim 17 of the '824 Patent requires that "the content of the at least one data packet is not read by the remote server"—*i.e.*, the underlying data is not decrypted—during communication. The Complaint includes excerpts from a specific Cisco document stating that "the integrity of the encrypted traffic is maintained because there is no need for bulk decryption," and describes how the specific Cisco documents apply to the asserted claims (*e.g.*, "ETA analyzes encrypted data traffic to and from Cisco devices without decrypting the underlying data"). Complaint, ¶ 34.

As another example, claim 17 includes that " the content of the at least one data packet is not read by the remote server for continued operation by the user's device in real time during communication between the remote server and the user's device." Complaint, ¶ 33. The Complaint describes that Cisco's products "perform the encrypted traffic analysis and determination of response in real time" and provide excerpts a specific Cisco document stating that its product is configured to "detect threats within encrypted traffic in real time." Complaint, ¶ 36

The Complaint goes on to describe that Cisco's products "*monitor* and *store* telemetry data in order to *analyze* and *compare* network traffic and then determine a response based on that comparison" with citations to Cisco information directly applicable to the claim language of the Asserted Patents. Complaint, ¶ 35 (emphasis added). While Cisco argues that the Complaint does not allege sufficient facts to create a plausible inference regarding certain claim limitations, the Complaint puts Cisco on notice of the infringing activity. The Complaint includes evidence from Cisco whitepapers stating that Cisco "collect[s] and analyze[s] telemetry" from a variety of different sources and device types (*e.g.*, computers, servers, smartphones, and cloud servers) with

a "comprehensive data set optimized to remove redundancies." Complaint ¶ 35. The Cisco documents show the use of "behavioral modeling" which "monitors the activity of every device on the network and is able to create a baseline of normal behavior" and "detect anomalies and known bad behavior." *Id.* This kind of "comprehensive" data gathering through monitoring traffic and other sources, storing of the same, comparison and analysis of the collected data, and response determination—all without decrypting the underlying traffic—creates at least a plausible inference that the Accused Products infringe QPrivacy's claims.

The remainder of the Complaint contains similar examples—excerpting specific language from Cisco's documents and describing how they are applicable to QPrivacy's claims. QPrivacy has clearly alleged that the "Accused Products satisfy all claim limitations of one or more claims of the [Asserted Patents]" and provided information to Cisco that shows that they meet those elements. *See* Complaint at ¶¶ 38, 55, *generally*. QPrivacy pleads more than sufficient facts for a plausible inference of infringement and puts Cisco on sufficient notice of the claims against it. "It is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement.'" *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)(*citing Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)). QPrivacy's complaint contains enough factual allegations to at least raise a reasonable expectation that discovery will reveal evidence of each element of the QPrivacy's claims. *See Lormand*, 565 F.3d at 255-57. As such, Cisco's Motion should be denied.

### 1. The Law Does Not Require QPrivacy to Plead Every Claim Element.

As this Court again recognized just last month, the Federal Circuit reaffirmed that "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" and that a plaintiff need not "prove its case at the pleading

stage." *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2024 U.S. Dist. LEXIS 219288, at *6 (E.D. Tex. Dec. 3, 2024, J. Gilstrap) (*citing Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). QPrivacy is not required to enumerate each and every element of each claim and provide detail about how Cisco's products practice each individual element—as this Court and the Federal Circuit have expressly made clear. *See also Bot M8 LLC*, 4 F.4th at 1352 (Fed. Cir. 2021)("A plaintiff is not required to plead infringement on an element-by-element basis."); *Nalco*, 883 F.3d at 1350 ("[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.")

Further, QPrivacy's Complaint is based on publicly available information, and the claim elements Cisco's Motion takes issue with involve components and functions of the Accused Products that comprise non-public information and thus can only be borne out in discovery. As QPrivacy obtains this information during the course of discovery, QPrivacy will update its infringement contentions accordingly. At the pleading stage, however, QPrivacy is not required to plead this level of detail based on non-public information. *See Bot M8*, 4 F.4th at 1352.

### 2. Cisco's Arguments Regarding Invalidity Have No Bearing

Cisco appears to argue that QPrivacy's Complaint should be dismissed because Cisco allegedly practiced some form of ETA before the priority date of the Asserted Patents. *See*, Motion at 1–2. This is improper and irrelevant for a Rule 12(b)(6) motion. The proper framework for challenging the validity of a patent is not for the accused to show that it is practicing the prior art, but to show that every element of the patent claims reads on a single prior art reference. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1322-23 (Fed. Cir. 2011); *see also Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear

6

and convincing evidence of invalidity. Anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference.").

Presumably, as required by this Court's local rules, Cisco will provide invalidity contentions under P.R. 3-3 providing a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Invalidity has no being to Cisco's motion to dismiss. Even if this Court were to believe that QPrivacy's ultimate success is unlikely, that would not constitute grounds to dismiss QPrivacy's well-pled complaint. *See Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks and citation omitted).

### B. QPrivacy Has Met Its Pleading Burdens Regarding Indirect Infringement.

#### 1. QPrivacy's Complaint Currently Has No Claims for Pre-Suit Indirect Infringement.

Cisco's Motion asks that the Court "dismiss QPrivacy's pre-suit claims for indirect infringement." Mot. at 8. However, the Complaint currently only alleges that Cisco had knowledge of the Asserted Patents "through at least the filing and service of this Complaint." *E.g.*, Complaint ¶ 39. QPrivacy reserves the right to amend its Complaint to add allegations of pre-suit indirect infringement if facts become available during the course of litigation and discovery that indicate that Cisco had pre-suit knowledge of the Asserted Patents. Until that time, however, there is nothing for the Court to dismiss under this facet of Cisco's Motion.

#### 2. QPrivacy Meet's The Court's Standards for Pleading Induced Infringement.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco*

7

*Sys., Inc.*, 575 U.S. 632, 639, 135 S. Ct. 1920, 191 L. Ed. 2d 883 (2015) (internal quotations omitted). The intent necessary for a claim of "[i]nducement can be found where there is evidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (cleaned up).

As with its arguments regarding direct infringement, Cisco demands far more from QPrivacy's induced infringement allegations than is required at the pleading stage. "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)) (internal quotation marks omitted). Further, a patent owner "adequately plead[s] intent where it allege[s] knowledge of the patent and ha[s] plausibly pleaded that the defendants' customers performed the claimed method," even where it is "unclear whether the claimed method had been performed at all." *Id.* at 1380.

In multiple prior cases, this Court has affirmed that allegations strikingly similar to those contained in QPrivacy's Complaint satisfy the pleading requirements for induced infringement:

> The Court finds that RevelHMI has adequately pled that the Defendants have induced infringement of the Asserted Patents. Defendants certainly have gained knowledge of the Asserted Patents and the allegedly infringing nature of the accused product through the filing of the complaint, and this passes Rule 12(b)(6) muster. Moreover, RevelHMI has pled that Defendants intend that customers and other companies infringe the Asserted Patents. This is sufficient to plead intent.

*Resonant Sys. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, 2023 U.S. Dist. LEXIS 156648, *7 (E.D. Tex. Sep. 5, 2023, J. Gilstrap) (internal citations omitted).

> Further, RightQuestion provides excerpts of materials allegedly taken from Samsung's product briefs, customer-oriented blog posts, technical documents, YouTube videos, and instructions that direct Samsung's customer and other third-party users of the accused products to allegedly make use of the functionality of the

8

> Samsung Knox Vault in the manner intended by Samsung and thereby infringe the patents-in-suit. At the 12(b)(6) stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from the RightQuestion's allegations that Defendants simultaneously sell the Accused Products while supplying third-parties with the cited literature which instructs performance of allegedly infringing uses of the technology.

*RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00238-JRG, 2022 U.S. Dist. LEXIS 29932, *8-9 (E.D. Tex. Feb. 18, 2022, J. Gilstrap).

QPrivacy's induced infringement allegations match these prior cases from this Court. As this Court has repeatedly recognized, at the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in Plaintiff's favor. *E.g., RightQuestion, LLC*, at *3. As alleged in the Complaint, Cisco had knowledge (at least as of the filing and service of the Complaint) of the Asserted Patents, their scope, and their applicability to the Accused Products. *See, e.g.*, Complaint ¶¶ 24, 34-37. The Complaint also alleges that the Accused Products are covered by the Asserted Patents and that Cisco encourages its customers to use the Accused Products and instructs its customers to use the Accused Products in a manner that infringes on the Asserted Patents. *See, e.g., id.* ¶¶ 34-39 (showing screenshots educating customers on infringing features and alleging that Cisco provides manuals and instructions to customers on how to use the Accused Products).

Cisco's cited case law does not support its arguments regarding induced infringement with respect to QPrivacy's Complaint. *See* Mot. at 9-10; *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 107354, *13 (E.D. Tex. July 15, 2015). In *Core Wireless*, even though the Court found that the plaintiff's broad references to instruction manuals were not sufficient to allege intent, the Court still acknowledged that "the provision of instructions by an accused infringer may indicate specific intent to induce infringement." *Id.* at *13. The plaintiff in *Core Wireless* only failed by "failing to allege any facts identifying, even at a basic level, which functionalities of the

9

accused products are at issue." *Id.* QPrivacy unquestionably surpasses this threshold. The Complaint clearly identifies Cisco's ETA as functionality at issue in the Accused Products. *See, e.g.*, Complaint ¶ 34-37. The Complaint also not only references instructions provided to customers—it excerpts specific language from Cisco documents explaining how ETA works, using language that matches limitations from the Asserted Claims. *See, e.g., id.*

QPrivacy has adequately alleged post-suit induced infringement, and therefore Cisco's Motion should be denied.

### 3. QPrivacy Meet's The Court's Standards for Pleading Contributory Infringement.

Contributory infringement occurs, inter alia, when a party sells "a component of a patented . . . combination . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337. Accordingly, to state a claim for contributory infringement, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses. *Advanced Coding Techs. LLC v. Google LLC*, No. 2:24-CV-00353-JRG, 2024 U.S. Dist. LEXIS 225916, *6 (E.D. Tex. Dec. 12, 2024, J. Gilstrap). Contributory infringement requires "only proof of a defendant's knowledge, not intent, that his activity cause infringement." *Lifetime Indus.*, 869 F.3d at 1381.

Recently, in *Advanced Coding*, this Court found that allegations like those found in QPrivacy's Complaint adequately plead contributory infringement. *Advanced Coding,* 2024 U.S. Dist. LEXIS 225916 at *8. Specifically, the Court held:

> Accordingly, after considering [the plaintiff's] specific identification of the Accused Products and the accused components along with [the plaintiff's] specific explanation of how the functionalities of the Accused Products correlate to the Asserted Patents, it is reasonable to infer, at the motion to dismiss stage, that the []

10

> Complaint states adequate facts to infer the technology has no other non-infringing use except to perform the accused functionalities.

*Id.*

QPrivacy's Complaint does the same. The Complaint specifically identifies the Accused Products and the accused components. Complaint ¶¶ 23, 24. The Complaint also explains how the functionalities of the Accused Products correlate to the Asserted Patents. For example, the Complaint specifically identifies that the products and components at issue are those that implement ETA and provides specific examples from Cisco documents showing how the features of ETA align with the Asserted Patents. *E.g.*, Complaint ¶¶ 34-37. As such, QPrivacy's Complaint "states adequate facts to infer the technology has no other substantial non-infringing use."

### C. QPrivacy Pleads Willful Infringement Under the Applicable Standard.

"A plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 U.S. Dist. LEXIS 38211, *6 (E.D. Tex. Jan. 24, 2022, J. Gilstrap). This Court has previously found that allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement. *NXP USA, Inc. v. Mediatek USA Inc.*, No. 2:21-CV-00318-JRG, 2022 U.S. Dist. LEXIS 45815, *12-13 (E.D. Tex. Mar. 15, 2022, J. Gilstrap) (citation omitted); *see also Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 U.S. Dist. LEXIS 45186, *3 (E.D. Tex. Mar. 14, 2024, J. Gilstrap). QPrivacy's Complaint meets this standard, as it expressly alleges that Cisco has notice of the Asserted Patents at least as of the filing and service of the Complaint yet continues to infringe. *E.g.*, Complaint ¶ 43.

Cisco's Motion misconstrues both the holding in *Halo* and its effect on the pleading requirements for a willful infringement claim. *See* Mot. at 11; *Halo Elecs., Inc. v. Pulse Elecs.,*

11

*Inc.*, 579 U.S. 93, 103 (2016). "Garden variety" does not refer to whether a willfulness allegation is commonplace, but rather whether the underlying infringing conduct is something more egregious than merely infringing on a patent. *See id.* ("The sort of conduct warranting enhanced damages has been various described in our cases as ***willful***, wanton, malicious, bad-faith, ***deliberate***, ***consciously wrongful***, flagrant, or—indeed—characteristic of a pirate." (emphasis added)). Willful or intentional infringement qualifies as egregious conduct, which is why, "[u]nder Halo, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *see also SRI Int'l, Inc. v. Cisco Sys.*, 930 F.3d 1295, 1308 (Fed. Cir. 2019) ("The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless.").

Regardless, Cisco's own Motion already admits that QPrivacy's Complaint properly alleges willful infringement. Per Cisco, "QPrivacy must allege that Cisco '(1) knew of the patent-in-suit; (2) after acquiring their knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" Mot. at 11 (quoting *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, 2022 U.S. Dist. LEXIS 149868, *5 (W.D. Tex. Aug. 22, 2022). In the very next paragraph, Cisco quotes a portion of QPrivacy's Complaint: "Defendant also has knowledge of the [Asserted Patents] at least due to the filing of this Complaint, and based on that knowledge, Defendant willfully infringes the [Asserted Patents]." Complaint ¶¶ 43, 60; Mot. at 11. This quoted portion fulfills the knowledge and timing aspects of factors (1) and (2), while the remainder of the Complaint satisfies factor (3) by describing how Cisco knew, or should have known, that its post-suit conduct infringes the Asserted Patents. Thus, the Court should deny

Cisco's Motion because QPrivacy's Complaint adequately pleads willful infringement under existing case law.

### D. Should the Court Hold Any of Defendant's Cited Grounds as Carrying Weight in Favor of Dismissal of a Count, Plaintiff Requests Leave to Amend.

The Federal Rules of Civil Procedure mandate that leave to amend must be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The sufficiency-of-pleadings requirement is intended to permit early dismissal of facially baseless claims. *Fractus v. Tcl Corp.*, No. 2:20-CV-00097-JRG, 2021 U.S. Dist. LEXIS 114011, at *8 (E.D. Tex. June 2, 2021, J. Gilstrap); *see also Twombly*, 550 U.S. at 557-59 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." (quoting 5 Wright & Miller § 1216, at 233-234) (cleaned up)). As discussed above, QPrivacy's claims are not facially baseless.

While the Local Patent Rules serve a different purpose, the infringement contentions already provided to Cisco by QPrivacy provide a more specific element-by-element disclosure that is not required by this Court at the pleading stage. However, should this Court determine that QPrivacy's allegations are deficient, amending the Complaint would not be futile (as any deficiencies would be addressed by simply attaching QPrivacy's infringement contentions to an amended complaint.)

### IV. CONCLUSION

Cisco's Motion attempts to hold QPrivacy to standards beyond what is required at the pleading stage. For the reasons discussed above, QPrivacy has met its burdens for adequately pleading the infringement allegations contained within its Complaint. Therefore, the Court should deny Defendant's Motion.

| | |
|---|---|
| Dated: January 13, 2025 | Respectfully submitted,<br><br>*/s/ Robert M. Harkins*<br><br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>**Capshaw DeRieux, LLP**<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: 903-845-5770<br>ccapshaw@capshawlaw.com<br>ederieux@capshawlaw.com<br><br>G. Blake Thompson<br>State Bar No. 24042033<br>Blake@TheMannFirm.com<br>J. Mark Mann<br>State Bar No. 12926150<br>Mark@TheMannFirm.com<br>**MANN \| TINDEL \| THOMPSON**<br>112 E. Line Street, Suite 304<br>Tyler, Texas 75702<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>Robert M. Harkins<br>CA Bar No. 179525<br>**Cherian LLP**<br>2001 Addison St., Suite 275<br>Berkeley, CA 94704<br>bobh@cherianllp.com<br>Telephone: (510) 944-0190<br><br>Thomas M. Dunham<br>DC Bar No. 448407<br>Adam A. Allgood<br>TX Bar No. 24059403<br>**Cherian LLP**<br>1901 L St. NW, Suite 700<br>Washington, DC 20036<br>tomd@cherianllp.com<br>adama@cherianllp.com<br>Telephone: (202) 838-1560<br><br>**ATTORNEYS FOR PLAINTIFF QPRIVACY USA LLC** |

14

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing on January 13, 2025, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

<em>/s/ Robert Harkins</em>